IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| JOE HOWELL, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 12-2865-STA-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Joe Howell ("Howell"), Bureau of Prisons register number 20238-076, an inmate at the Federal Medical Center in Lexington, Kentucky (§ 2255 Motion, ECF No. 1.) For the reasons stated below, Howell's § 2255 Motion is **DENIED**.

## BACKGROUND

**I.    Criminal Case Number 05-20151**

On April 19, 2005, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Howell, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See* Indictment, *United States v. Joe Howell*, 2:05-cr-20151-JDB (W.D. Tenn.), ECF No. 1.) Howell entered a plea of not guilty and with the assistance of retained counsel filed a motion to determine his mental competency

under 18 U.S.C. § 4241. Based on the results of the evaluation, Howell was found to be competent to stand trial. Thereafter, pursuant to an agreement with the United States, Howell changed his plea to guilty at a change of plea hearing on March 23, 2006. On May 15, 2005, United States District Judge J. Daniel Breen sentenced Howell to a term of imprisonment of 188 months to be followed by three years supervised release and imposed a special assessment of $100. (*See* Judgment, ECF No. 34.) Howell did not take a direct appeal.

B.  **Civil Case 12-2865**

On October 1, 2012, Howell filed his *pro se* § 2255 Motion, raising several claims of ineffective assistance of counsel. Howell also filed a Motion to File a Belated Writ (ECF No. 2). In that Motion, Howell concedes that he filed his § 2255 Motion outside of the one-year statute of limitations. Nevertheless, Howell argues that he is entitled to equitable tolling of the statute of limitations. For cause, Howell contends that another inmate agreed to file a motion for him on February 19, 2008. Only later did Howell learn that the other inmate had filed a motion for retroactive application of the Sentencing Guidelines for crack cocaine offenses pursuant to 18 U.S.C. § 3582, despite the fact that Howell was not convicted of a drug offense. Howell argues then that he was the victim of "more cunning and experienced prisoners" and the abuse of a jailhouse lawyer.

Next, Howell argues that he was not mentally competent to enter a guilty plea or waive his right to appeal or collaterally attack his conviction. Howell cites the circumstances of his firearms offense as well as his unspecified history of psychiatric treatment and substance abuse as evidence of his mental incompetence. Howell was charged with being a felon in possession of a firearm after Howell rammed his vehicle into his girlfriend's residence. When the Millington Police Department responded, Howell began firing shots at the police officers on the scene.

2

Howell also asserts that before the police took him into custody, he attempted to shoot himself in the head. According to Howell, "based upon his clear case of 'diminished capacity,' he was not mentally capable of appreciating the seriousness of the proceedings and his actions and thus, he should be allowed to attack his plea, sentence and conviction." (Motion to File Belated Writ 3).

Howell has not made any allegations about his mental state for the period since his criminal conviction became final. Howell goes on to argue that trial counsel provided ineffective assistance by failing to file a motion for downward departure based on Howell's mental condition, an argument that actually goes to the merits of his § 2255 Motion. In his final argument for equitable tolling, Howell challenges federal subject-matter jurisdiction in this underlying criminal case. Howell contends that jurisdiction was lacking because he committed the acts alleged in the indictment in the state of Tennessee, and not on federal property. For these reasons Howell requests that the Court equitably toll the one-year statute of limitations and accept his late-filed § 2255 Motion.

On May 29, 2013, the Court entered an order directing the United States to respond and specifically ordered the United States to address the timeliness of Howell's Motion. (Order Directing Response, ECF No. 3.) The government filed its response to Howell's Motion to File a Belated Writ on July 19, 2013. (Answer, ECF No. 7.) The certificate of service reflects that a copy of the government's response was mailed to Howell at his address of record. (*Id*. at 8.) In its response, the government argues that Howell's § 2255 Motion is clearly time-barred. The one-year statute of limitations commenced on the date the judgment against Howell became final. Howell did not pursue a direct appeal of the judgment, and so the one-year limitations period began to run ten days after the entry of judgment, which was May 25, 2006. Howell's § 2255 Motion was filed on October 1, 2012. The United States further argues that Howell is not

entitled to equitable tolling. Howell has not shown that he has been diligent in pursuing his rights or that some extraordinary circumstance beyond his control prevented him from filing his § 2255 Motion. Therefore, the Court should deny Howell's § 2255 Motion as untimely. The government has gone further and briefly addressed the merits of Howell's claims of ineffective assistance of counsel.

On August 15, 2013, Howell filed a traverse (ECF No. 10). In addition to arguing the merits of his claims of ineffective assistance, Howell argues that both the background facts of his arrest and the fact that a mental evaluation was ordered suggest Howell's diminished capacity to appreciate the nature and consequences of his plea and the deadline for his § 2255 Motion. Howell concludes by reiterating his theory that there was no federal jurisdiction at all in his underlying criminal case. Therefore, the Court should equitably toll the statute of limitations and accept Howell's § 2255 Motion as timely.

## STANDARD OF REVIEW

Dockery seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

fact or law that was so fundamental as to render the entire proceeding invalid."[1] A § 2255 motion is not a substitute for a direct appeal.[2] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[3] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[4] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[5]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, by unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[6] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[7]

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[2] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[3] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[4] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

[5] *Id.*

[6] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[7] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[8] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[9] The petitioner is then entitled to reply to the government's response.[10] The habeas court may also direct the parties to provide additional information relating to the motion.[11] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[12]

## **ANALYSIS**

"A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run from the latest of four possible dates."[13]

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[14]

---

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[9] *Id*.

[10] Rule 5(d), Section 2255 Rules.

[11] Rule 7, Section 2255 Rules.

[12] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

[13] *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *Benitez v. United States,* 521 F.3d 625, 629 (6th Cir. 2008)).

[14] 28 U.S.C. § 2255(f); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

In this case it is undisputed that the statute of limitations for Howell's collateral attack began to run from the date on which the judgment of conviction became final. "A conviction becomes final when the time for direct appeal expires and no appeal has been filed."[15] The Court entered judgment on May 15, 2006, and Howell did not take a direct appeal. The United States argues that the judgment against Howell became final ten days later on May 25, 2006, and Howell has not contested this date. Assuming then that the one-year statute of limitations began to run from May 25, 2006, Howell's § 2255 Motion is untimely. Howell filed his Motion on October 1, 2012, more than five years after the statute of limitations had expired.

The threshold issue for the Court then is whether Howell is entitled to equitable tolling of the one-year statute of limitations for his § 2255 Motion. "[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."[16] The statute of limitations for motions under § 2255 is subject to equitable tolling.[17] A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[18] "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis with the petitioner retaining the ultimate burden of persuading the court that he or she is entitled to equitable tolling."[19]

---

[15] *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

[16] *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).

[17] *Jefferson*, 730 F.3d at 549.

[18] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

7

Howell has raised a number of issues in support of his plea for equitable tolling, none of which the Court finds convincing.

**I. Assistance of a Jailhouse Lawyer**

As the first ground for equitable tolling, Howell claims that he relied on a jailhouse lawyer to assist him in the preparation and filing of his § 2255 Motion. Howell states that because of his own "age, mental instability, and niavity [sic],"[20] he sought and obtained assistance from another inmate and filed what he thought was a § 2255 motion on or about February 19, 2008, that is almost twenty-one months after the judgment in his criminal case became final. The docket in his criminal case confirms that Howell filed a motion to reduce his sentence on February 19, 2008, and the Court denied the motion by order dated December 1, 2008. These facts, however, do not show how Howell acted diligently to pursue relief. Howell's jailhouse lawyer did not file anything on Howell's behalf until after the limitations period had already run. The one-year statute of limitations on Howell's § 2255 Motion expired on May 27, 2007. Howell filed his inapt motion to reduce on February 19, 2008. Howell has not accounted for this period of delay to show why it would be equitable to toll the limitations period for that time. And even accepting Howell's claim that a jailhouse lawyer abused Howell's confidence by filing a meritless motion to reduce sentence and that Howell did not discover this abuse until the Court denied the motion to reduce sentence on December 1, 2008, Howell has not explained why he waited nearly four years more to file his § 2255 Motion. As a result, Howell has not established how he pursued relief diligently.

---

[19] *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

[20] Mot. to File Belated Writ 1 (ECF No. 2).

Likewise, Howell has also failed to show that his misplaced trust in a jailhouse lawyer is the kind of extraordinary circumstance to support his request for equitable tolling. Howell's own lack of sophistication with the legal system and need to seek help from another inmate "are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."[21] Nor is Howell entitled to equitable tolling on the basis of his ill-advised choice of a writ-writer or jailhouse lawyer.[22] Erroneous advice by an inmate law clerk or even an attorney presents no basis for equitable tolling because a habeas petitioner has no federal constitutional right to counsel to mount collateral attacks on his conviction.[23] Howell had no right to have assistance of counsel in filing his federal habeas petition.[24] Therefore, the Court concludes that Howell's reliance on a jailhouse lawyer does not prove Howell's diligence nor does it constitute an extraordinary circumstance that prevented him from filing within the statute of limitations.

**II. Mental Incompetence**

The other ground Howell argues in support of his request for equitable tolling is his "diminished capacity." The Sixth Circuit has held that mental incompetence may be grounds for equitable tolling, though "a blanket assertion of mental incompetence is insufficient to toll the

---

[21] *Keeling*, 673 F.3d at 464.

[22] *Manning v. Sumlin*, 540 F. App'x 462, 464 (5th Cir. 2014); *United States v. Cicero*, 214 F.3d 199, 204 (D.C. Cir. 2000); *Paige v. United States*, 171 F.3d 559, 560 (8th Cir. 1999); *Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988); *Walker v. Graham*, 955 F. Supp. 2d 92, 103 (E.D.N.Y. 2013); *Hamilton v. Warden of Clinton Corr. Facility*, 473 F. Supp. 2d 779, 781 (S.D.N.Y. 2008); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998).

[23] *See Coleman v. Thompson*, 501 U.S. 722, 752 (1984), *abrogated on other grounds by Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Johnson v. Avery*, 393 U.S. 483, 488 (1969).

[24] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

statute of limitations."[25] "To obtain equitable tolling . . . on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations," meaning the petitioner must show "a causal link between the mental condition and untimely filing."[26] The Court holds that Howell has failed to make either of these showings here.

First and foremost, Howell has not established that he was or is mentally incompetent. Howell contends that his history of unspecified psychiatric problems and substance abuse somehow rendered him unable to file a § 2255 petition before now. Howell alleges three facts to support his argument on this point: (1) that the circumstances of his arrest demonstrate mental incompetence, (2) that he lacked the mental competence to enter a guilty plea in his criminal case, and (3) that trial counsel should have moved for a downward departure at sentencing in light of Howell's mental health. None of these claims actually shows that Howell was mentally incompetent during the limitations period for his § 2255 Motion or that Howell is presently suffering from any mental health issue that would render him incompetent. Howell's claims about his mental state during the commission of his offense in September 2004 and his competence to change his plea in March 2006 are contradicted by the record in his criminal case.

---

[25] *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011); *see also McSwain v. Davis,* 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted) ("mental incompetence is not a per se reason to toll a statute of limitation); *Price v. Lewis,* 119 F. App'x 725, 726 (6th Cir. 2005) (citations omitted) ("Illness-mental or physical-tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."); *Nowak v. Yukins,* 46 F. App'x 257, 259 (6th Cir. 2002) (citations omitted) ("The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations. The petitioner must make a threshold showing of incompetence, and demonstrate that the alleged incompetence affected [petitioner's] ability to file a timely habeas petition.").

[26] *Ata*, 662 F.3d at 742.

The Court ordered that Howell undergo a competency evaluation, and Howell was found competent to proceed. Howell has not alleged that he was subsequently diagnosed with a specific psychiatric problem or that he was given medication for a mental health issue or received treatment of any kind for it.[27] As a result, Howell has not satisfied the first element and proved that he was or is mentally incompetent.

Howell has also failed to make the second required showing. Even assuming that Howell was mentally incompetent at some point in the past, Howell has not explained why his alleged mental incompetence was the cause of his failure to file § 2255 Motion within the limitations period or why his mental state prevented him from filing his § 2255 Motion before October 2012, more than six years after the Court entered its judgment against him. Howell's allegations about his mental state during his criminal case do not show that he was mentally incompetent during the one-year filing period for his § 2255 Motion or at any point in time since then. In fact, Howell has made no allegations at all about his mental state during the filing period or the intervening years from the end of the limitations period until October 1, 2012, when Howell actually filed a § 2255 Motion. In its essence Howell's claim is simply a "blanket assertion of mental incompetence" and therefore "insufficient to toll the statute of limitations."[28] The Court holds then that Howell is not entitled to equitable tolling on the basis of mental incompetence.

---

[27] *Cf. id* at 743 (holding that the petitioner was entitled to a hearing based on allegations of paranoid schizophrenia and ongoing treatment for the condition from the Michigan Department of Corrections and the petitioner's affidavit that "due to my mental incapacitation I did not understand the one-year limitation placed on *habeas* petitioners.").

[28] For the same reasons, the Court holds that Howell is not entitled to an evidentiary hearing on this issue. *Ata*, 662 F.3d at 742 ("Although an evidentiary hearing need not be

**III. Remaining Grounds for Equitable Tolling**

Howell's remaining grounds for equitable tolling are meritless. Howell claims that counsel failed to advise him of his right to appeal even though the plea agreement contained a plea waiver. This claim is flatly contradicted by the record. Howell's plea agreement with the United States did not contain a plea waiver. By signing the agreement, Howell stated that he had read the agreement, discussed it with his attorney, and understood it. As such, Howell has not shown how counsel's failure to advise him about a waiver that was not actually part of the plea agreement somehow supports this request for equitable tolling. This leaves only Howell's argument that the Court lacked jurisdiction to enter judgment against him. Howell hypothesizes that federal jurisdiction attaches only when an act is committed on federal property. This theory is wholly frivolous. Pursuant to 18 U.S.C. 3231, the Court has jurisdiction over "all offenses against the laws of the United States," including Howell's firearms offense in violation of 18 U.S.C. 922(g).[29] Howell's jurisdictional challenge will not excuse his late filing.

---

provided as a matter of right, an evidentiary hearing is required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file."). Howell has not requested a hearing, and his conclusory claim of mental incompetence is more similar to the claim of mental incompetence raised by the petitioner in *McSwain v. Davis*. Like the petitioner in *McSwain*, Howell makes the "speculative" claim that his history of psychiatric treatment "likely" rendered him incompetent during the filing period. Without a more specific showing, Howell is not entitled to an evidentiary hearing.

[29] 18 U.S.C. 3231; *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting a defendant's argument that federal courts lacked jurisdiction over him because he was "solely a resident of the state of Michigan and not a resident of any 'federal zone' and" was therefore not subject to federal laws).

Having concluded that Howell is not entitled to equitable tolling, the Court need not reach the merits of his § 2255 Motion. Howell's late-filed Motion is barred by the one-year statute of limitations. Therefore, the Motion to File Belated Writ is **DENIED**, and the § 2255 Motion is **DISMISSED**.

**IV. Appeal Issues**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[30] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[31] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[32] A COA does not require a showing that the appeal will succeed.[33] Courts should not issue a COA as a matter of course.[34]

---

[30] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[31] 28 U.S.C. §§ 2253(c)(2) & (3).

[32] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[33] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[34] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

13

In this case, for the reasons previously stated, the issues raised by Howell in support of his request for equitable tolling lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[35] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[36] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[37] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[38]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**,

---

[35] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[36] *Id.* at 952.

[37] *See* Fed. R. App. P. 24(a)(1).

[38] *See* Fed. R. App. P. 24(a) (4)-(5).

14

pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[39]

## **CONCLUSION**

Howell's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 was filed more than five years outside of the statute of limitations for such motions. Howell has not shown why he is entitled to equitable tolling of the statute of limitations. Therefore, Howell's Motion to File Belated Writ is **DENIED**, and his § 2255 Motion is **DISMISSED** as time-barred.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 26, 2015.

---

[39] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.